**UNITED STATES, Appellant,**

v.

**Vivian ALEXANDER, Appellee.**

**Nos. 79–1280, 80–116.**

District of Columbia Court of Appeals.

Oct. 29, 1981.

Superior Court, Frederick H. Weisberg, Judge.

Before NEWMAN \*, Chief Judge, and KELLY, KERN, NEBEKER, HARRIS \*\*, MACK \*, FERREN \*, PRYOR, and BELSON, Associate Judges.

### ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing, or in the alternative, for rehearing en banc, it is

ORDERED by the merits division that appellant's petition for rehearing is denied. It appearing that the majority of the judges of this court has voted to deny appellant's petition for rehearing en banc, it is

FURTHER ORDERED that appellant's petition for rehearing en banc is denied.

Statement of Associate Judge BELSON, with whom Associate Judges KERN and NEBEKER join.

I vote to deny the motion for rehearing en banc. Application of the holding of *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), must lead to the conclusion that the police engaged in custodial interrogation of appellee after she stated that she was unwilling to answer any

Associate Judge Pryor would grant appellant's petition for rehearing en banc.

937

questions without a lawyer present.[1] Application of the holding of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), must lead to the conclusion that appellee did not effectively relinquish her right to remain silent unless an attorney was present. Consequently, her confession is inadmissible.

It is noteworthy that the United States Supreme Court decided *Edwards, supra,* after the ruling of this court as to which rehearing is sought. *Edwards,* rather than this court's opinion in the instant case, is controlling precedent as to the law to be applied when a person in custody suspected of a crime has stated that he does not wish to answer any questions without a lawyer present.

Finally, it is observed that this court's statement that the appellee's "confession was not voluntary for Fifth Amendment purposes," *United States v. Alexander,* D.C. App., 428 A.2d 42, 52 (1981) (footnote omitted), can be read in context only as a reference to a violation of the rights required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The holding of this court, therefore, cannot be read as precluding the government's use of appellee's statement as impeachment evidence should appellee take the stand during trial. *See Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

---

1. At the suppression hearing, the circumstances that led up to appellee's statement were fully developed. Significantly, it was established that shortly after appellee indicated that she was not willing to answer any questions without a lawyer present, a detective stated to her "we know you did it" or "we know you are responsible." Further, the detective admitted that his statement was an interrogation technique designed to get appellee to talk.